**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

TYRONE GREEN,

    Petitioner,

v.

J. PHILIP MORGAN,

    Respondent.

Civil Action No.: PX-18-1965

**MEMORANDUM OPINION**

Pending before the Court is Tyrone Green's Petition for Writ of Habeas Corpus[1] challenging his state murder conviction. ECF No. 1. Respondent contends the petition must be denied or dismissed, and Green, having been advised of his right to respond, has filed nothing further. ECF No. 8 & 9. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the reasons set forth below, the Petition for Writ of Habeas Corpus is denied and a certificate of appealability will not issue.

**I.      Background**

On March 3, 1994, Green pleaded guilty to first-degree felony murder, attempted robbery with a deadly weapon, attempted murder, and robbery with a deadly weapon. *See* ECF No. 8-2 at 30. The Circuit Court for Baltimore City sentenced Green to life imprisonment with all but 50 years suspended, the maximum agreed-upon sentence as memorialized in Green's plea agreement. ECF No. 8-3 at 43-46.[2]

---

[1]      The petition was erroneously docketed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. It is more properly construed as a petition brought pursuant to 28 U.S.C. § 2254.

[2]      The trial court neglected to impose a period of probation which is required under Maryland law when a sentence is suspended in whole or in part. *See* Md. Code Ann., Crim. Proc. § 6-221, *see also Greco v. State*, 427 Md. 477, 513 (2012). Green's sentence was corrected on May 27, 2014, and now includes a five-year term of probation following the 50-year unsuspended portion of his life sentence. ECF No. 8-1 at 1.

On July 6, 1994, Green filed an application for leave to appeal the guilty plea proceedings with the Maryland Court of Special Appeals. ECF No. 8-1 at 7 (docket entry) and 19 (post-conviction petition). The court summarily denied the application on October 12, 1994. *Id*. at 7.

In December of 1994, Green filed his first petition for post-conviction relief and then withdrew it in February of 1996. ECF No. 8-1 at 8. On November 6, 2003, Green filed another petition for post-conviction relief. In this petition, Green argued that his guilty plea was neither knowing or voluntary because he was not properly advised that at trial, the jury would be instructed to draw no adverse inference from his invocation of his Fifth Amendment right to remain silent. ECF No. 8-1 at 25-78. Green also maintained that the trial court lacked jurisdiction to subject Green to prosecution as an adult and that his trial counsel was ineffective for failing to move for reconsideration of his sentence. *Id*.

On March 11, 2004, the Circuit Court denied the motion for post-conviction relief. *Id*. at 48-58 (memorandum opinion and order). Green's application for leave to appeal the denial of post-conviction relief was summarily denied by the Maryland Court of Special Appeals on September 17, 2004. *Id*. at 72-73.

On January 26, 2017, Green moved to reopen his state post-conviction proceedings. In his first motion to reopen, Green asserted that his Fifth and Fourteenth Amendment rights were violated because Detective Thomas Pellegrini did not permit Green to handwrite his own incriminating statement about the crime, inserted false information in the statement, and forced Green to adopt it.[3] ECF No. 8-1 at 76. Green also referenced obliquely general legal principles regarding ineffective assistance of counsel but did not assert how his counsel had been ineffective. The Circuit Court denied the motion to reopen on August 21, 2017. *Id*. at 84. Green next applied

---

[3] Green voluntarily had reported his involvement in the crimes after he learned a family member had been arrested and erroneously charged. ECF No. 8-3 at 21-22.

for leave to appeal the denial of his motion to reopen post-conviction proceedings. The application was dismissed as untimely on December 7, 2017. *Id*. at 89-90.

On April 18, 2018, Green filed a second motion to reopen post-conviction proceedings, now asserting that Detective Pellegrini suppressed exculpatory evidence but provided no specifics as to precisely what "exculpatory" evidence was suppressed. Green also brought to the Court' attention Pellegrini's misconduct in an unrelated case, as reported in the news.[4] *Id*. at 87-91. The Circuit Court once again denied the second motion on May 9, 2018. *Id*. at 97.

Green applied for leave to appeal the denial of his second motion to reopen. In the application, Green persisted in variations of the same theme, alleging that Detective Pellegrini authored a false statement, threatened Green with physical harm if he failed to sign the statement, and had withheld nonspecific exculpatory evidence. Green included additional detail about the circumstances surrounding Pellegrini taking his statement but the claims remained the same. Green also separately argued that the Circuit Court's denial of his motion was fundamentally unfair because the State's Attorney had yet to respond. ECF No. 8-1 at 104-105.

On July 24, 2018, Green supplemented the application for leave to appeal, adding claims that his plea counsel and post-conviction counsel rendered ineffective assistance because they failed to uncover a *Brady*[5] violation. ECF No. 8-1 at 107-108. The Court of Special Appeals granted the motion to supplement the application, but ultimately denied the application on March 5, 2019. *See State v. Green*, Case No. 193263010 (Balt. City Cir. Ct.) at

---

[4]      The information concerned the United States Fourth Circuit Court of Appeals' decision reversing and remanding this Court's dismissal of a civil rights suit against the Baltimore City State's Attorney's Office and individual Baltimore City police officers, including Pellegrini. *See Owens v. Baltimore City State's Attorney's Office, et al*., 767 F.3d 379 (4th Cir. 2014). Owens was tried and convicted by a jury on charges of rape and murder, during which time the exculpatory evidence had been withheld from the defense. *Id*. at 386. Mr. Owens was later exonerated by DNA evidence more than 20 years after his conviction. *Id*. at 387.

[5]      *Brady v. Maryland*, 373 U.S. 83 (1963).

3

http://casesearch.courts.state.md.us/casesearch/ (last viewed May 4, 2020).

In the petition before this Court, Green raises the following claims: First, that his Fifth Amendment and Fourteenth Amendment rights were violated when Detective Pelligrini wrote Green's statement, included false information, and forced Green to sign it. Second and relatedly, that Pelligrini's failure to obtain Green's consent to write the statement on Green's behalf or offer for Green to write his own statement violated his Fifth Amendment rights. Third, that his Sixth Amendment rights were violated when trial and post-conviction counsel failed to discover that Pelligrini suppressed certain non-specific "evidence" in his case. ECF No. 1 at 5, 7. Green contends that these claims are brought based on "newly discovered evidence" and that he "had no way of knowing the above stated information when [he] was tricked and pressured into a plea deal." *Id.* at 8.

## II.    Analysis

Green's claims are procedurally defaulted and must be dismissed. Before a federal court may consider claims raised in a federal habeas petitioner, the petitioner must first present the claims to the highest state court with jurisdiction to hear it; the petitioner must raise the claim at every stage of the state proceeding whether it be through post-conviction or on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim in post-conviction petition); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Failure to raise the claims at every stage of the applicable state proceedings results in a procedural default of the claim, foreclosing federal habeas relief.

A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998), citing *Coleman*, 501 U.S. at 731-32. Under Maryland law, "an allegation of error is waived when a petitioner could have made, intelligently and knowingly failed to make the allegation . . . in a prior [post-conviction] petition." Md. Code Ann., Crim. Proc. § 7-106(b). A rebuttable presumption exists that this waiver is knowingly and intelligent. *Id*. at § 7-106(b)(2).

As an exception to procedural default, the claim may still be reached if the petitioner can show (1) cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, that is, conviction of one who is actually innocent.[6] *See Murray*, 477 U.S. at 495-96 ; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioners claims to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

---

[6]     Green has not advanced an actual innocence claim.

Green's claims are procedurally defaulted because Green did not present them at each level of available State court review.  Green first raised the claims not on direct appeal or in his petition for post-conviction relief, but rather in his motion to reopen post-conviction proceedings.  His first post-conviction petition challenged only the constitutional sufficiency of his plea colloquy, the jurisdiction of the trial court, and ineffectiveness of counsel for failing to move for reconsideration of his sentence.  He then attempted to raise the claims in his second petition which was denied, followed by the appellate court dismissing his application for leave to appeal the denial of the motion to reopen as untimely.  Failure to comply with procedural requirements of State law is an independent and adequate State law ground for dismissal and which barred re-litigation of the claim in a habeas petition.  *See Coleman*, 501 U.S. at 750, *see also Richmond v. Polk*, 375 F.3d 309, 322 (4th Cir. 2004).  The claims, therefore, are procedurally defaulted.

Green's current ineffectiveness claim bears special mention.  Green contends in this petition that his first post-conviction counsel was ineffective for failing to discover "evidence" as to Pellegrini having written Green's statement.  Although Green raised an ineffective assistance of counsel claim in his post-conviction proceedings, his claim concerned failure to challenge his sentence; he never argued that counsel failed to discover what he now claims is *Brady* evidence.  This argument was only ever made in Green's supplement to his application for leave to appeal the second motion to re-open post-conviction proceedings.  Because the Court of Special Appeals denied the appeal, the claim was never made part of any post-conviction petition, nor were its merits considered by any State court at any time.  Green's failure to preserve the claim cannot be excused; he knew all the facts undergirding the claims he raises now when he filed his first post-conviction petition and certainly by the time he moved to reopen the proceedings, but he failed to

include any of the claims. Green clearly did not raise the arguments in state court, and so they are procedurally defaulted here.

As to any exceptions allowing the procedurally defaulted claim to proceed, the Court can discern none. Green has never responded with any evidence or argument on any such exception. Alternatively, even if Green's claims were not procedurally defaulted, they nonetheless fail because they all concern acts and omissions occurring *before* Green chose to plead guilty to murder. Importantly, "[w]hen a defendant pleads guilty, he waives all non[-]jurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004). "[A] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. 742, 757 (1970). Instead, a guilty plea may be set aside if "(1) 'some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea' and (2) 'the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice.'" *United States v. Fisher*, 711 F.3d 460, 465 (4th Cir. 2013), quoting *Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir. 2006). Unless a petitioner seeks to set aside a guilty plea under these narrow circumstances, he is barred from raising "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Green pleaded guilty to first-degree felony murder and related charges. As a consequence of that plea, he relinquished his right to challenge at trial the weaknesses in the State's evidence including the infirmities of the statement that Detective Pelligrini had obtained. *See* ECF No. 8-2 at 18-28. Accordingly, and by virtue of his guilty plea, Green forfeited his right to complain about

the manner in which Detective Pellegrini memorialized the statement or counsel's failures to discover the same.

Green's seeming reliance on *Brady v. Maryland*, 373 U.S. 83 (1963), is misplaced. First, *Brady* governs the wrongful withholding of *exculpatory* evidence. The irregularities concerning the memorialization of Green's statement are simply not exculpatory. They are, at best, useful to impeach Pellegrini, an exercise which does not exonerate Green. Nor does anything in the record suggests that exculpatory evidence was withheld from Green. Indeed, Green was there when the statement was memorialized, and thus knew firsthand about the detective's questionable practices on which Green now bases his claims. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002). Accordingly, the Court is satisfied it no miscarriage of justice results from declining to reach the merits of the procedurally defaulted claims.

## III.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).

Green has not made the requisite showing.   Accordingly, the court declines to issue a certificate of appealability.   Green may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.   *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied and the case dismissed.   A separate Order follows.


_____5/13/20_____                        _____/S/_____
Date                                                             Paula Xinis
                                                                      United States District Judge